T.C. Memo. 1999-143

UNITED STATES TAX COURT

EDWARD A. DROZDOWSKI AND DIANA D. DROZDOWSKI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3034-97.                    Filed April 30, 1999.

Edward A. and Diana D. Drozdowski, pro sese.

<u>Ladd C. Brown, Jr.</u> and <u>Ellen T. Friberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated November 19, 1996, respondent determined the following deficiencies, additions to tax, and penalties relating to petitioners' Federal income taxes:

| Year | Deficiency | Additions to Tax[1] | | | Penalties[1] |
| | | Sec. 6653(b) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6663 |
|---|---|---|---|---|---|
| 1987[3] | $9,703 | -- | $7,278 | [2] | -- |
| 1988 | 8,833 | $6,625 | -- | -- | -- |
| 1989[3] | 8,488 | -- | -- | -- | $6,366 |
| 1990[3] | 4,892 | -- | -- | -- | 3,669 |

[1] The additions to tax and the penalties apply only to petitioner Edward Drozdowski.
[2] Fifty percent of the statutory interest due on $9,703, computed from Apr. 15, 1988, to the earlier of the date of assessment or the date of payment.
[3] Respondent concedes that $425, $1,114, and $655 of the income adjustments in the notice of deficiency for 1987, 1989, and 1990, respectively, are not gross income to petitioners.

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether petitioners have failed to report wage income relating to 1987, 1988, 1989, and 1990, and whether Mr. Drozdowski is liable for additions to tax, and penalties, for fraud.

FINDINGS OF FACT

Petitioners, husband and wife, resided in Boca Raton, Florida, at the time their petition was filed. Prior to the years in issue, Mr. Drozdowski served 20 years in the United States Air Force and was employed by various businesses. His previous employers withheld taxes from his wages and issued him Forms W-2, Wage and Tax Statements. During the years in issue, Mr. Drozdowski was an employee of Continental Plastic Card Co. (CPC), and earned wages and bonuses totaling $28,425 in 1987, $31,525 in 1988, $34,075 in 1989, and $16,800 in 1990. At Mr. Drozdowski's request, CPC did not withhold income tax from, and did not issue

Forms W-2 relating to, his wages. CPC employed Mrs. Drozdowski in 1988, 1989, and 1990. At Mrs. Drozdowski's request, CPC withheld taxes from, and issued Forms W-2 relating to, her wages. During 1990, CPC was purchased by Continental Card Acquisition (CCA). CCA employed Mr. Drozdowski for the remainder of 1990, withheld taxes from his wages, and issued him a 1990 Form W-2. On their income tax returns for the years in issue, petitioners reported Mrs. Drozdowski's wages from CPC and Mr. Drozdowski's wages from CCA but did not report Mr. Drozdowski's wages from CPC.

In March 1994, Mr. Drozdowski was charged, pursuant to section 7201, with evading income tax relating to 1989. Mr. Drozdowski pleaded guilty to the charge, was sentenced to 3 years' probation, and was ordered to pay a fine and restitution. Pursuant to the plea agreement, petitioners amended their tax returns for the years in issue to report Mr. Drozdowski's wages from CPC.

## OPINION

Respondent determined that petitioners failed to report Mr. Drozdowski's wages from CPC for 1987, 1988, 1989, and 1990. Petitioners concede that they failed to report Mr. Drozdowski's wages from CPC for the years in issue but contend that the payments Mr. Drozdowski received were net of income tax withholdings. In effect, petitioners contend that the amount of

unreported wages is greater (i.e., by the amount of the alleged tax withholdings) than the amount determined by respondent, and that petitioners are entitled to a withholding tax credit relating to Mr. Drozdowski's wages from CPC.

The record does not support petitioners' contention. CPC did not withhold taxes from Mr. Drozdowski's wages, and he did not receive Forms W-2, which would have indicated the amounts of income tax withholdings. Thus, petitioners are not entitled to a withholding tax credit relating to Mr. Drozdowski's wages from CPC. See sec. 31(a)(1); Edwards v. Commissioner, 39 T.C. 78, 84 (1962) (holding that an employee is not entitled to a credit for taxes that were never withheld). Petitioners bear the burden of proof, see Welch v. Helvering, 290 U.S. 111, 115 (1933), yet have failed to establish that they are entitled to a withholding tax credit.

Respondent determined that Mr. Drozdowski, pursuant to sections 6653(b)(1)(A) and (B), 6653(b), and 6663, is liable for additions to tax, and penalties, for fraud. Respondent must establish by clear and convincing evidence that, for each year in issue, an underpayment of tax exists and that some portion of the underpayment is due to fraud. See Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). A taxpayer's attempts to conceal income, mislead the Internal Revenue Service, or prevent the collection

of income tax may establish the requisite fraudulent intent.  See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Respondent has established that, for each year in issue, petitioners' underpayment of tax was attributable to Mr. Drozdowski's fraud.  Each of petitioners' amended returns is an admission of a tax underpayment.  See Badaracco v. Commissioner, 464 U.S. 386, 399 (1984).  In addition, Mr. Drozdowski's actions warrant an inference of fraud.  Mr. Drozdowski knew that his wages from CPC were subject to income tax, yet he requested that CPC not withhold taxes from, and intentionally failed to report, such wages.  As a result, he underreported substantial amounts of income relating to each year in issue.  See Holland v. United States, 348 U.S. 121, 139 (1954) (holding that a pattern of consistently and substantially underreporting income may justify an inference of fraud); Otsuki v. Commissioner, 53 T.C. 96, 109 (1969) (holding that underreporting income, coupled with other circumstances showing an intent to conceal, justifies an inference of fraud).  Accordingly, we hold that Mr. Drozdowski is liable for the additions to tax, and penalties, for fraud.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.